Allison Schmidt, Esq.
California Bar No. 284725
NEVADA'S LAWYERS
7250 S. Durango Dr. #130-A295
Las Vegas, NV 89113
702.900.9040
Email: allison@nevadaslawyers.com
*Attorneys for Ron Ruangtragool and Aaron Guhin*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON GUHIN, an individual and RON RUANGTRAGOOL, an individual,<br>Plaintiffs,<br><br>vs.<br><br>NORTHLAND THEA PORTFOLIO LLC, et al<br>Defendants. | Case No. 2:26-cv-03409-HDV-ACCV<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO EXTEND TIME TO SERVE THE SUMMONS AND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALLISON R. SCHMIDT**<br><br>[Fed. R. Civ. P. 4(m), 6(b)(1)(A); L.R. 7-19]<br><br>[Filed concurrently with [Proposed] Order]<br><br>Judge: Hon. Hernán D. Vera<br>Mag. J.: Hon. Angela C. C. Viramontes<br><br>[No Hearing Required] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Aaron Guhin and Ron Ruangtragool ("Plaintiffs") hereby apply ex parte to this Court, pursuant to Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A) and Local Rule 7-19, for an order extending the time to serve the Summons and Complaint on Defendants by thirty (30) days, up to and including July 29, 2026.

Ex parte relief is necessary because the time to serve the Summons and Complaint under Rule 4(m) expires on or about June 29, 2026. A regularly noticed motion could not be heard before that deadline. Absent ex parte relief, Plaintiffs face dismissal under Rule 4(m) and a potential statute-of-limitations bar on refiling some claims—an irreparable prejudice. The exigency results from excusable neglect: separate counsel was expected to substitute into this action and assume responsibility for service, and that substitution was not completed. Plaintiffs' counsel acted promptly upon learning the substitution would not occur. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Notice (L.R. 7-19, 7-19.1): No Defendant has been served with process or has appeared in this action, and no Defendant is represented by counsel of record. There is accordingly no opposing party or counsel to whom telephonic or written notice of this Application could be given. Plaintiffs are aware of no party that opposes the relief requested. Should any party appear and indicate an intent to oppose, Plaintiffs will promptly so advise the Court and the Courtroom Deputy Clerk. (Schmidt Decl. ¶¶ 9–10.)

This Application is based on this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Allison R. Schmidt, the [Proposed] Order lodged and submitted to chambers concurrently, the pleadings, records, and files in this action, and such further argument and evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs filed their Complaint on March 30, 2026. (Dkt. 1.) The deadline to serve under Rule 4(m) falls on or about June 29, 2026. Plaintiffs seek a brief, thirty (30)-day extension of that

deadline. Separate counsel was expected to substitute into this action and assume responsibility for effecting service; that substitution was not completed, and upon learning it would not occur, Plaintiffs' counsel promptly took over the service effort. Because the service deadline is imminent and a noticed motion cannot be heard, Plaintiffs respectfully seek ex parte relief.

## II. RELEVANT BACKGROUND

Plaintiffs commenced this action on March 30, 2026, asserting habitability and related claims arising from their tenancy at a Los Angeles residential property. (Schmidt Decl. ¶ 2.) The named Defendants are five limited liability companies organized under Delaware law with their principal places of business in Massachusetts, and one individual believed to reside in Massachusetts, such that service requires identifying each entity's agent for service of process and, in some instances, out-of-state service. (Id. ¶¶ 2–3.)

Separate counsel was expected to substitute into this matter and to take over the logistics of service. (Id. ¶ 4.) The substitution has not been completed. (Id. ¶ 5.) Upon recognizing that the substitution would not be completed before the service deadline, Plaintiffs' counsel acted promptly to advance service, including by confirming the California agent for service for one Defendant, pursuing agent information for the remaining entities, and preparing the summonses for issuance. (Id. ¶¶ 6–7.) No Defendant has been served or appeared. (Id. ¶ 9.)

## III. LEGAL STANDARD

To obtain ex parte relief, the applicant must establish (1) that its cause will be irreparably prejudiced if the underlying matter is heard according to regular noticed-motion procedures, and (2) that the applicant is without fault in creating the crisis requiring ex parte relief, or that the crisis resulted from excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

On the merits, Rule 4(m) provides that if a defendant is not served within ninety days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," and that upon a showing of good cause the court "must extend the time for service." Fed. R. Civ. P. 4(m). A request made before the deadline expires is governed by Rule 6(b)(1)(A) (good cause). Even absent good cause, the Court retains broad discretion to extend the time for service. *See Henderson v. United States*, 517 U.S. 654, 662 (1996); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Relevant factors include whether the statute of limitations would bar a refiled action, prejudice to the defendant, actual notice, and whether service was eventually effected. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

## IV. ARGUMENT

### A. Ex Parte Relief Is Warranted Under Mission Power.

First, Plaintiffs will be irreparably prejudiced absent ex parte consideration. The Rule 4(m) deadline falls on or about June 29, 2026. A noticed motion requires weeks of advance notice under Local Rule 6-1 and could not be heard until well after the deadline has passed, exposing Plaintiffs to dismissal in the interim. Because Plaintiffs' claims arise from conditions dating to 2023, a dismissal—though nominally without prejudice—could potentially foreclose refiling some of Plaintiffs' claims on statute-of-limitations grounds. That risk constitutes irreparable prejudice that only ex parte relief can avert. (Schmidt Decl. ¶¶ 2, 8.)

Second, the exigency results from excusable neglect, and Plaintiffs' counsel is not at fault for any delay once the circumstances became known. Counsel reasonably understood that separate counsel would substitute in and assume responsibility for service. (Id. ¶ 4.) When that substitution did not materialize, counsel did not delay—she promptly took over the service effort, confirmed the agent for service for one Defendant, pursued agent information for the

others, and prepared the summonses for issuance, and now seeks this brief extension before the deadline expires. (Id. ¶¶ 5–8.) These circumstances satisfy the second *Mission Power* prong.

**B. The Court Should Extend the Time to Serve.**

The same facts establish good cause for a brief extension under Rules 4(m) and 6(b)(1)(A): counsel acted diligently upon assuming the service effort, and the need to identify the registered agents of five out-of-state entities and to serve an out-of-state individual supports the modest extension requested. (Schmidt Decl. ¶¶ 3–8.) Alternatively, the equitable factors independently favor an extension: the limitations risk weighs heavily for Plaintiffs; no Defendant has appeared or would suffer prejudice from a brief extension that merely preserves the status quo; and Plaintiffs are diligently completing service. *See Efaw*, 473 F.3d at 1041. An extension is warranted with or without a finding of good cause.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Ex Parte Application and extend the time to serve the Summons and Complaint on Defendants by thirty (30) days from the date of the Court's order, up to and including July 29, 2026, and grant such other relief as is just and proper.

Dated: June 29, 2026

NEVADA'S LAWYERS
/s/Allison Schmidt
7250 S. Durango Dr. #130-A295
Las Vegas, NV 89113
702.900.9040
Email: allison@nevadaslawyers.com
*Attorney for Ron Ruangtragool and Aaron Guhin*

**DECLARATION OF ALLISON R. SCHMIDT**

I, Allison R. Schmidt, declare as follows:

1. I am an attorney licensed to practice before this Court and counsel of record for Plaintiffs Aaron Guhin and Ron Ruangtragool. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.
2. Plaintiffs filed the Complaint in this action on March 30, 2026. The claims arise from Plaintiffs' tenancy at a residential property in Los Angeles, California. The named Defendants consist of five limited liability companies organized under Delaware law with their principal places of business in Massachusetts, and one individual believed to reside in Massachusetts.
3. Because of the Defendants' out-of-state organization and locations, service requires identifying each entity's agent for service of process and, in some instances, arranging out-of-state service.
4. Separate counsel was expected to substitute into this action and to assume responsibility for effecting service of the Summons and Complaint.
5. The anticipated substitution of counsel has not been completed as of the date of this Declaration.
6. Upon determining that the substitution would not be completed in time to effect service within the original deadline, I promptly undertook the service effort myself. Among other things, I confirmed the California agent for service of process for one Defendant (Northland Thea IV LLC), pursued agent-for-service information for the remaining Defendants through the California Secretary of State, and prepared the summonses for issuance by the Clerk.
7. The time to serve under Federal Rule of Civil Procedure 4(m) expires on or about June 29, 2026. A regularly noticed motion under Local Rule 6-1 could not be heard before that

deadline. If the requested relief is not considered on an ex parte basis, Plaintiffs face dismissal under Rule 4(m) and a potential statute-of-limitations bar on refiling some claims.

8. I have proceeded diligently to advance service and require only a brief additional period to complete it. This Application is made before the expiration of the current service deadline and is sought in good faith and not for purposes of delay.

9. No Defendant has been served with process or has appeared in this action, and no Defendant is represented by counsel of record. There is accordingly no opposing party or counsel whom I could notify, orally or in writing, of the date and substance of this Application as contemplated by Local Rule 7-19.1.

10. I am aware of no party that opposes the relief requested. If any party appears and indicates an intent to oppose this Application, I will promptly so advise the Court and the Courtroom Deputy Clerk.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 29, 2026.

/s/ Allison R. Schmidt
Allison R. Schmidt, Esq.