Diana S. Cline, Esq.
Cline Legal Solutions LLC
7625 Dean Martin Drive Suite 115
Las Vegas, NV 89139
702-721-9434
Email: diana@clinelegalnv.com
PRO HAC VICE

Ron Im Ruangtragool
Sila Law APC
113 N San Vicente Blvd, Ste 381
Beverly Hills, CA 90211
888-807-2550
Email: ron@sila.law
Local Counsel

Attorneys for Plaintiffs AARON GUHIN and RON RUANGTRAGOOL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON GUHIN, an individual, and RON RUANGTRAGOOL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHLAND THEA PORTFOLIO LLC, NORTHLAND THEA LLC, NORTHLAND THEA IV LLC, NORTHLAND THEA PORTFOLIO II, LLC, NORTHLAND THEA PORTFOLIO III, LLC, and MATTHEW GOTTESDIENER,<br><br>Defendants. | Case No.: 2:26-cv-03409-HDV-ACCV<br>District Judge: Hon. Hernan D. Vera<br><br>**DECLARATION OF DIANA S. CLINE IN SUPPORT OF STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NOT MORE THAN 30 DAYS (L.R. 8-3)**<br><br>[*Filed concurrently with Stipulation to Extend Time to Respond to Initial Complaint by Not More Than 30 Days (L.R. 8-3); [Proposed] Order*] |

I, Diana S. Cline, declare as follows:

1. I am an attorney licensed to practice law in the State of Nevada (Nevada Bar No. 10580) and the principal of Cline Legal Solutions LLC, counsel for Plaintiffs Aaron Guhin and Ron Ruangtragool ("Plaintiffs") in this action. On September 17, 2026, the Court granted my application to appear pro hac vice on behalf of Plaintiffs and designated Ron Im Ruangtragool as local counsel. (Dkt. 27.) I have personal knowledge of the facts stated in this declaration, except as to matters stated on the basis of my review of the Court's docket and the correspondence among counsel described below, which I believe to be true. If called as a witness, I could and would testify competently to these facts.

2. I submit this declaration in support of the concurrently filed Stipulation to Extend Time to Respond to Initial Complaint by Not More Than 30 Days (L.R. 8-3) (the "Stipulation"), and in accordance with Section XIV of the Court's Civil Standing Order, which requires that a request for an extension of time be supported by a detailed declaration of the grounds for the request. (Dkt. 7 at 16.)

**Procedural Background**

3. Plaintiffs filed the Complaint on March 30, 2026. (Dkt. 1.)

4. Defendants Northland Thea Portfolio LLC, Northland Thea LLC, Northland Thea IV LLC, Northland Thea Portfolio II, LLC, and Northland Thea Portfolio III, LLC (the "Northland Defendants") were served on August 28, 2026, and their response to the Complaint is currently due September 18, 2026. (Dkt. 25.) Defendant Matthew Gottesdiener was served on September 1, 2026, and his response is currently due September 22, 2026. (Dkt. 24.)

5. This is the first request to extend Defendants' time to respond to the Complaint. No scheduling order has issued, and no scheduling conference, pretrial, or trial dates have been set. The requested extension will not affect any other date in this action.

**Meet-and-Confer Efforts**

6. Based on my review of the email correspondence among counsel, on September 11, 2026, Defendants' counsel, Freeman Mathis & Gary, LLP, transmitted a meet-and-confer letter of the same date to Plaintiffs' prior counsel, Allison R. Schmidt, identifying alleged deficiencies in the Complaint. That transmittal was addressed to "allison@nevadalawyers.com," which differs from Ms. Schmidt's email address of record, "allison@nevadaslawyers.com." Defendants' counsel re-sent the letter to Ms. Schmidt's address of record on September 14, 2026.

7. On the morning of September 17, 2026, Ms. Schmidt advised Defendants' counsel that new lead counsel was coming into the case and referred Defendants' counsel to me. At 11:25 a.m. that day, Defendants' counsel, Kevin I. Kilroy, emailed me directly and noted that Defendants' motion to dismiss was due to be filed the following day.

8. My application to appear pro hac vice was filed on September 16, 2026 (Dkt. 26), and was granted on September 17, 2026 (Dkt. 27). At 11:41 a.m. on September 17, 2026, I responded to Mr. Kilroy, confirmed that I will serve as lead counsel and that Mr. Ruangtragool will serve solely as local counsel, advised that Plaintiffs would stipulate to an extension of Defendants' response deadline, and proposed a telephone conference that afternoon.

9. On the afternoon of September 17, 2026, I conferred by telephone with Ms. Kilroy. During that call, we discussed the deficiencies Defendants contend exist in the Complaint and Defendants' intended motion to dismiss. I agreed to evaluate the issues Defendants raised.

10. At 8:49 a.m. on September 18, 2026, Ms. Kilroy confirmed by email that Defendants agreed to stipulate to a 30-day extension of their responsive pleading deadline in light of my agreement to evaluate those issues, and requested that Plaintiffs file the stipulation. At 9:54 a.m., I confirmed by email that Plaintiffs

agreed to a 30-day extension and that we would file the Stipulation. At 11:28 a.m., Mr. Kilroy circulated the draft Stipulation and proposed order.

11. Counsel have agreed to hold a further telephonic conference during the week of September 21, 2026, to continue discussing the issues Defendants have identified.

**Grounds for the Extension**

12. Good cause exists for the requested extension. I was admitted to appear in this action on September 17, 2026, and was first contacted by Defendants' counsel that same day. Within hours I conferred with Defendants' counsel, and the parties reached agreement and prepared the Stipulation for filing within one day. The parties have acted diligently.

13. The extension will allow me, as newly admitted lead counsel, to review the Complaint and the issues raised in Defendants' September 11, 2026 letter, and to continue the meet-and-confer process in an effort to resolve or narrow those issues before any response is filed. Doing so may avoid or streamline motion practice and conserve the resources of the parties and the Court.

14. No party will be prejudiced. Defendants requested the extension and have stipulated to it; the case remains at the pleading stage; and no other dates are affected. The new response date of October 19, 2026 is thirty days after the Northland Defendants' current deadline of September 18, 2026, as extended to the next court day because the thirtieth day, October 18, 2026, falls on a Sunday. See Fed. R. Civ. P. 6(a)(1)(C). As to Defendant Gottesdiener, the extension is twenty-seven days. To the extent the Court's approval is required, the parties have lodged a proposed order.

15. I recognize that Section XIV of the Standing Order directs counsel to avoid submitting extension requests fewer than five court days before the deadline. The Stipulation could not have been presented earlier because I was not admitted to appear until September 17, 2026, and Defendants' counsel first contacted me that

day. The parties reached agreement and filed the Stipulation within one day thereafter.

16. Statement of compliance with Local Rule 7-3: The conference of counsel described in paragraphs 9 through 11 took place by telephone on September 17, 2026, and was confirmed in writing on September 18, 2026. Defendants join in the Stipulation, and no party opposes the requested extension.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026, at Las Vegas, Nevada.

*/s/ Diana S. Cline*
DIANA S. CLINE, ESQ.