**FREEMAN MATHIS & GARY, LLP**
William A. Munoz (SBN 191649)
Bill.Munoz@fmglaw.com
2281 Lava Ridge Court, Suite 130
Roseville, California 95661
(916) 272-1423; FAX (833) 297-6235

KEVIN I. KILROY (SBN 350730)
Kevin.Kilroy@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071-2627
(213) 615-7000; FAX (833) 264-2083

*Attorneys for Defendant*
NORTHLAND THEA PORTFOLIO LLC, NORTHLAND THEA LLC, NORTHLAND THEA IV LLC, NORTHLAND THEA PORTFOLIO II, LLC, NORTHLAND THEA PORTFOLIO III, LLC, and MATTHEW GOTTESDIENER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| AARON GUIHN, an individual, and RON RUANGTRAGOOL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHLAND THEA PORTFOLIO LLC, NORTHLAND THEA LLC, NORTHLAND THEA IV LLC, NORTHLAND THEA PORTFOLIO II, LLC, NORTHLAND THEA PORTFOLIO III, LLC, and MATTHEW GOTTESDIENER,<br><br>Defendants. | Case No. 2:26-cv-03409-HDV-ACCV<br>Assigned to: *Hon. Hernan D. Vera*<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PROTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>*(Filed concurrently with Notice of Motion to Dismiss Plaintiffs' Complaint; Declaration of Kevin I. Kilroy)*<br><br>Date: December 17, 2026<br>Time: 10:00 a.m.<br>Ctrm: 5B<br><br>Complaint Filed: March 30, 2026<br>Trial Date: None |

///

**MEMORANDUM OF POINTS AND AUTHOTIES**

## I. INTRODUCTION

This matter originally arises from a landlord-tenant dispute. Plaintiffs Aaron Guhin and Ron Ruangtragool ("Plaintiffs") were renters of Unit 1625 at 1000 W 8th Street in Los Angeles, CA 90017, a high-rise residential building known as THEA. Plaintiffs allege that wall and ceiling repairs made by property management to address a leak formed during heavy rains in or around March 2023, resulting in Plaintiffs' rental unit being uninhabitable. While the initial complaint alleges only causes of action arising from the alleged negligent handling of the leak based on California statutory and common law causes of action, Plaintiffs' First Amended Complaint now includes a federal antitrust claim, for the express purpose of adding new grounds for subject matter jurisdiction.

Plaintiffs seek relief against Defendants Northland Thea Portfolio LLC, Northland Thea LLC, Northland Thea Portfolio II LLC, Northland Thea Portfolio III LLC, Northland Thea IV LLC ("Northland LLCs"), and Matthew Gottesdiener ("Defendant Gottesdiener") (collectively, "Moving Defendants"). Defendant Gottesdiener is CEO of Northland Investment Corporation, a parent entity of the Northland LLCs. Plaintiffs' FAC adds Northland Investment Corporation, Greystar Real Estate Partners LLC, and Greystar Management Services LLC, as Defendants. Not only was Plaintiff's initial filing untimely served, but Plaintiffs have also failed to sufficiently plead any cognizable claims giving rise to subject matter jurisdiction or any claims alleged against Defendant Gottesdiener.

First, Plaintiffs have improperly added a claim for violation of the Sherman Act in an attempt to cure a substantive deficiency of allegations to support the sole ground for subject matter jurisdiction based upon diversity jurisdiction in Plaintiffs' initial Complaint. This Court lacks subject matter jurisdiction as Plaintiffs failed to allege federal question jurisdiction in the original Complaint and no facts are alleged in the initial Complaint or FAC to identify the citizenship of LLC members to

establish diversity jurisdiction.

Second, Moving Defendants were not timely served with the initial Complaint, requiring dismissal under Rules 12(b)(5) and 4(m).

Third, Plaintiffs' request for punitive damages is fatally deficient. A corporation may not be exposed to punitive damages unless one of its officers, directors, or managing agents knew of, authorized, or ratified the alleged misconduct. Plaintiffs have not, and cannot, plead any such facts without making conclusory statements of law and assumptions of fact. Plaintiff's FAC fails to cure this defect from the initial Complaint and therefore there is a "strong indication that [Plaintiffs] have no additional facts to plead" and it is thus apparent that Plaintiff have made their best case and remain wanting." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002)).

For these reasons, the Complaint should be dismissed in its entirety and the request for punitive damages should be dismissed with prejudice.

## II. FACTUAL SUMMARY

### A. Procedural History and Ineffective Service on Defendants

Plaintiffs filed the instant action on March 30, 2026. (Dkt. 1.) Under Rule 4(m), Plaintiffs were required to serve the Summons and Complaint on Defendants on or before June 29, 2026. On June 29, 2026, Plaintiffs went in *ex parte* seeking an order extending the time to serve the summons and Complaint. (Dkt. 10.) The Court granted the *ex parte* application and extended the time to do so to July 29, 2026 (Dkt. 12.) However, Plaintiff again failed to effect service on Defendants before the deadline, resulting in the Court issuing an Order to Show Cause re: Dismissal for Lack of Prosecution, ordering Plaintiffs to file their proofs of service no later than September 3, 2026. (Dkt. 23.) It was only ***after*** the OSC was issued that Plaintiffs filed the proofs of service, which revealed that Plaintiffs did not attempt to effect service of the summons and complaint until August 28, 2026, and

September 1, 2026. (Dkt. 24, 25.) Therefore, Plaintiffs' failure to adhere to the Court's prior Order requiring service by July 29, 2026, nor the Court's Standing Order requiring compliance with FRCP 4(m) and Local Rule 5-3.

**B. Plaintiffs' Initial Complaint and Resulting Meet and Confer**

Plaintiffs' initial Complaint alleges claims for (1) Breach of Implied Warranty of Habitability, (2) Violation of Cal. Civil Code § 1942.4, (3) Breach of Covenant of Quiet Enjoyment, (4) Negligence/Negligence Per Se, (5) Unfair Competition (Bus. & Prof. Code § 17200), (6) Fraudulent Concealment, (7) Tenant Harassment in violation of LA Municipal Code § 45.33, (8) Conversion, (9) Trespass to Chattels, (10) Negligent/Intentional Destruction of Personal Property, (11) Trespass to Real Property, (12) Breach of Contract, and (13) Breach of Covenant of Good Faith and Fair Dealing. (*See*, Dkt. 1.)

Pursuant to Local Rule 7-3, Moving Defendants attempted to meet and confer with then-counsel of record, Allison R. Schmidt, Esq., by phone, followed by formal written correspondence, dated September 11, 2026.

**C. Plaintiffs' First Amended Complaint**

On Monday, October 19, 2026, Plaintiffs filed their First Amended Complaint, which added new causes of action, including one for violation of the Sherman Act as the only federal cause of action alleged in the FAC. (*See*, Dkt. 33.)

During a meet and confer call held regarding the FAC, Plaintiffs represented that they never planned to include the anti-trust claim in this matter. In fact, Plaintiffs stated during the call that the plan at the time of filing of the original Complaint was to keep the anti-trust issue separate and apart from the underlying allegations arising from the leak and resulting conduct alleged in the original complaint. Plaintiffs' counsel, Diana Cline, conceded that it was only after the meet and confers regarding the original complaint, where the lack of diversity jurisdiction as to LLC members was discussed, that the anti-trust allegations were added to the FAC in order to give this case federal question jurisdiction and keep this case in

federal court.

## III. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Federal courts must dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when "it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed.R.Civ.P. 12(h)(3). The party asserting subject matter jurisdiction bears the burden on that issue. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

### B. Insufficient Service

On a Rule 12(b)(5) motion, the plaintiff bears the burden of establishing that service was valid under FRCP Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Where service is insufficient, the court may dismiss the action or quash service. Fed.R.Civ.P. 12(b)(5); 4(m).

### C. Federal Rule of Civil Procedure Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has 'facial plausibility' if the plaintiff pleads facts that 'allow' the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678–80 (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. This determination is context-specific, requiring the

Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ibid.*

## IV. ARGUMENT

### A. Lack of Subject Matter Jurisdiction

#### *1. Plaintiffs' FAC improperly adds a new cause of action not previously plead in order to retroactively cure the absence of Subject Matter Jurisdiction in the original Complaint.*

Diversity is tested as of the original Complaint, and, here, it was defective. A plaintiff may fix *defective allegations* of a jurisdiction that already exists as to form, pursuant to 28 U.S.C. § 1653, however, plaintiffs are not permitted to add a new cause of action to create a jurisdiction that never existed. *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376 (9th Cir. 1988). Accordingly, the Court must examine Plaintiff's original complaint to determine whether the claims alleged therein were one over which the Court had jurisdiction. See, Fed.R.Civ.P. 12(h)(3).

Several circuit courts, including the Ninth Circuit, have held that parties may not "'substitute new cases of action' to allege federal question jurisdiction where the other grounds for jurisdiction have been defeated." *See*, Smerud v. AKT Servs. LLP, No. 3:24-02034-HZ, 2025 WIL 2096912 (D. Or. July 25, 2025).

Plaintiffs' original complaint alleged only state law claims arising from an alleged leak in Plaintiffs' rental unit and subsequent handling by the Defendant owners. The complaint further alleged subject matter jurisdiction was based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332 on the grounds that Plaintiffs are citizens of California, and Defendants businesses had principal places of business in Massachusetts.

Here, Plaintiffs have added a cause of action for violation of the Sherman Act for the sole purpose of curing a substantive deficiency found in the original

complaint pertaining to subject matter jurisdiction. When Plaintiffs advised they would file an FAC to address the deficiencies outlined in the original meet and confer, Defendants were not advised that Plaintiffs planned to file an FAC with new claims, including a completely unrelated antitrust claim.

Following the filing of the FAC, the parties met and conferred, and defense counsel inquired as to the purpose of adding an antitrust claim related to the process of determining rental payments when the original complaint's allegations were limited to a habitability issue of Plaintiffs' rental unit. Not only did Plaintiffs acknowledge that the antitrust claim was never meant to be included in the instant matter, but they also admitted that the only reason it was added into the FAC was to give the instant matter a second ground for subject matter jurisdiction. Specifically, Plaintiffs feared that this matter would be remanded to State Court in the event that the Court dismissed Defendant Gottesdiener for insufficient allegations plead and found that Plaintiffs had not sufficiently identified the members of the Defendant LLCs because Defendants' counsel explained that one LLC member for all Northland Defendants is domiciled in California thereby destroying diversity jurisdiction. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th. Cir. 2006) [holding that an LLC is a citizen of every states of which its owners/members are citizens.]

Accordingly, Plaintiffs have clearly, wrongfully attempted to create a jurisdiction that never existed in the initial complaint. Therefore, the Court should determine jurisdiction based solely on grounds of diversity jurisdiction.

*2. Plaintiffs Failed to Sufficiently Plead Diversity Jurisdiction in Original Complaint.*

Diversity jurisdiction exists only where there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a person's citizenship is determined by his domicile at the time the complaint was filed. (*Ibid*.) Residence alone is insufficient

to establish domicile for purposes of diversity jurisdiction. (*Id*.) A limited liability company (LLC) is completely diverse from opposing parties, for purposes of diversity jurisdiction, only if all of the members of the LLC are citizens of different states than all opposing parties. (*See Johnson*, *supra*, 437 F.3d at 899.)

Here, Plaintiffs' initial Complaint alleges causes of action against Defendants solely based on California statutory and common law. (Dkt. 1.) Plaintiff's Complaint failed to identify the members of the Northland LLCs or allege citizenship of those members and further failed to indicate the citizenships of each of the members of the Northland LLCs. This omission alone is fatal to diversity jurisdiction and independently requires dismissal.

**B. Insufficient Service of Process**

Federal Rule of Civil Procedure Rule 4(m) mandates dismissal without prejudice when a defendant is not served within 90 days. Fed. R. Civ. P. 4(m). Here, Plaintiff's original Complaint was filed on March 30, 2026. Under FRCP 4(m), Plaintiffs were required to serve the summons and complaint on Defendants on or before June 29, 2026. On June 29, 2026, Plaintiffs sought ex parte relief for an order extending the time to serve the summons and complaint on Defendants. The Court granted the ex parte application and extended the time to do so to July 29, 2026. However, Plaintiffs again failed to effect service on Defendants before the deadline, and accordingly, on August 27, 2026, the Court issued an Order to Show Cause re: Dismissal for Lack of Prosecution ("OSC"), ordering Plaintiffs to file their proofs of service no later than September 3, 2026. It was only at that point that Plaintiffs served Defendants on August 28, 2026, and September 1, 2026.

The delayed attempt to effect service following the August 27, 2026, OSC does not excuse Plaintiffs' failure to adhere to the Court's prior Order extending the service deadline to July 29, 2026, and further does not excuse Plaintiff's failure to adhere to the Court's Standing Order requiring compliance with FRCP 4 and Local Rule 5-3. In fact, Defendants note that the docket shows that the Court has not

discharged the OSC. Therefore, this action should be dismissed based on Plaintiffs' failure to timely serve Moving Defendants with the original Summons and Complaint.

**C. Insufficient Claims Against Matthew Gottesdiener**

While Plaintiffs' FAC includes additional allegations aimed at Defendant Gottesdiener, any allegations plead against him are plagued with conclusory statements of law and fact. Plaintiffs repeatedly resort to the same conclusory statements to connect unrelated personal conduct to corporate intent, specifically that Gottesdiener "authorized, directed, participated in, supervised, approved, ratified, or with knowledge failed to…" (FAC ¶ 9, 14, 21, 72, 94, 140, 168, 173, 207.) However, aside from these conclusory statements, Plaintiffs have not alleged a single fact alluding to such actions. Therefore, Plaintiffs have failed to state any claims against Defendant Gottesdiener upon which relief may be granted under FRCP 12(b)(6). Accordingly, Defendants request that he be dismissed from Plaintiffs' FAC with prejudice.

## V. <u>LEAVE TO AMEND</u>

Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

An amendment here would be futile regarding any alleged claims against Gottesdiener as reflected in the same conclusory allegations in the original and First Amended Complaint despite defendants' counsel pointing out the patent deficiencies during the meet and confer process. By the same token, Plaintiffs' failure to invoke this Court's subject matter jurisdiction on purely state law claims pursuant to diversity jurisdiction cannot be cured with an amendment since at least one member of

Defendant LLCs is a California resident.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety. Because Plaintiffs have nothing more than conclusory statements and assumptions regarding intent, which cannot be cured by amendment, Defendants further request that the claims against Defendant Matthew Gottesdiener be dismissed with prejudice.

Respectfully submitted,

Dated: November 2, 2026

**FREEMAN MATHIS & GARY, LLP**

By: ______________________

WILLIAM A. MUNOZ
KEVIN I. KILROY
*Attorneys for Defendants*
NORTHLAND THEA PORTFOLIO LLC, NORTHLAND THEA LLC, NORTHLAND THEA IV LLC, NORTHLAND THEA PORTFOLIO II, LLC, NORTHLAND THEA PORTFOLIO III, LLC, and MATTHEW GOTTESDIENER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF PLACER**

I am employed in the County of Placer, State of California. I am over the age of 18 and not a party to the within action; my business address is 2281 Lava Ridge Court, Roseville, CA 95661, and my electronic service address is lizzett.landa@fmglaw.com.

On November 2, 2026, I served the foregoing document(s) entitled **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PROTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

on interested parties in this action as follows:

| | |
|---|---|
| Diana S. Cline<br>CLINE LEGAL SOLUTIONS<br>7625 Dean Martin Drive, Suite 115<br>Las Vegas, VA 89139<br>T:702-721-434<br>diana@clinelegalnv.com | |
| Ron Im Ruangtragool<br>SILA LAWE APC<br>113 n San Vicente Blvd, Suite 381<br>Beverly Hill, CA 90211<br>T:8880807.2550<br>ron@sila.law | Attorneys for AARON GUHIN and RON RUANGTRAGOOL |
| Allison Schmidt<br>NEVADA'S LAWYERS<br>7250 S. Durando Dr. #130-A295<br>Las Vegas, CA 89113<br>T: 702.900.9040<br>allison@nevadaslawyers.com | Attorneys for AARON GUHIN and RON RUANGTRAGOOL |

☒ **(BY ELECTRONIC SERVICE)**: Based on a court order or an agreement of the parties to accept electronic service, by transmitting a true and correct copy of the foregoing document(s) to be sent to the persons at the electronic service addresses set forth above.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 2, 2026, at Roseville, California.

__________________________________
Lizzett Landa